It has been argued in this case that the matter in dispute was agreed by the parties to be referred to James *Page 64 
Brooks as an arbitrator. The parties considered Brooks a disinterested witness as to a fact which was not known to the plaintiff, but which was presumed to be known to the defendant, and to Brooks, who had acted a part in it; he had paid the money to the defendant, and for this reason he was referred to as most likely to remember the amount paid. The party, however, had it in his power to prove the same fact by other witnesses. It appears that the amount due the plaintiff depended altogether upon the sum which had been returned to Wood, and that was within his knowledge; the balance was due immediately, and no credit was intended to be given for it. If Brooks had died, the debt was still due, and recoverable as soon as the plaintiff could make out his case; it was not at all dependent upon Brooks' memory.
Suppose the defendant Wood, the day after the covenant was signed, had acknowledged that he had received from Brooks $200, would not Brooks have been dispensed with, and could not suit have been brought immediately? I think the rule for a new trial should be discharged.
HENDERSON, J., concurred.
Judgment affirmed.